FILED 2017 JAN 18 AM 10:02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LAKEWOOD MEATS, INC.,<br>d/b/a CARROLL'S MEAT SHOPPE,<br>JOHN ROSE, an individual<br><br>Defendants. | FILE NO.<br><br>3:17-CV-55-J-32JRK<br><br><br><br><br><br><br><br><u>**C O M P L A I N T**</u><br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Lakewood Meats, Inc., d/b/a Carroll's Meat Shoppe and John Rose enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5), §15(a)(3) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wages and unpaid overtime compensation, together with an equal amount as liquidated damages.

I.

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A.  Defendant Lakewood Meats, Inc., d/b/a Carroll's Meat Shoppe at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Duval County, Florida.

B.  Defendant, John Rose, an individual, doing business in Duval County, Florida, at all times hereinafter mentioned was or has been the 100% owner and Manager and/or Director of the aforementioned corporation and acted directly or indirectly in the interest of the aforesaid corporation in relation to their employees, therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A.  Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B.  Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since January 18, 2014, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate, by, among other things, paying employees a flat salary amount that was less than $7.25 per hour.

V

Since January 18, 2014, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since January 18, 2014, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VII

Since January 18, 2014, Defendants, employers subject to the provisions of the Act, violated Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3) by, among other things,

requesting that employees sign affidavits stating that the Defendants do not owe overtime wages, and ordering at least one employee, in front of other employees waiting to sign their affidavits, to leave the premises when that employee questioned the veracity of the affidavit the employee was given to sign.

VIII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), 15(a)(5), and § 15(a)(3) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c); ordering Defendants, to immediately cease and desist from intimidating employees who seek to exercise their rights under the Act;, awarding back wages for the period since January 18, 2014 and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); further awarding damages for any losses suffered by any employee as a result of Defendant's retaliatory and discriminatory acts under § 15(a)(3) of the Act; and for such other and further relief as may be necessary and appropriate including costs of this action.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(404) 302-5453
(404) 302-5438 (FAX)
Hoffmeister.jonathan@dol.gov
Atl.fedcourt@dol.gov
(Primary)

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By:/s/*Jonathan Hoffmeister*
   Jonathan Hoffmeister
   Trial Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff